UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIAN ROWE, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

    -against-

OLD DOMINION FREIGHT LINE, INC.,

                Defendant.

---

Civil Case No.

## CLASS ACTION COMPLAINT

Plaintiff, ADRIAN ROWE, individually and on behalf of all others similarly situated, alleges of his own personal knowledge and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, ADRIAN ROWE, brings this putative class action against Defendant, OLD DOMINION FRIEGHT LINE, INC. ("ODFL") individually and on behalf of a class of truck driver employees ("Drivers") employed by ODFL who primarily worked throughout and within the State of New York.

2. Through this action, Plaintiff is alleging that ODFL engaged in a systematic scheme of New York Labor Law ["NYLL"] wage and hour violations and unlawful employment practices by failing to timely pay all wages and overtime compensation owed to current and former truck driver employees.

3.    Plaintiff now brings this action for unpaid minimum wages, overtime wages and spread of hour wages pursuant to the N.Y. Labor Law §§190 et seq. and 650 et seq. ("NYLL"), and the overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §146-1.6 (herein the "Spread of Hours Wage Order"), including prejudgment and post-judgment interest, attorneys' fees, and costs.

## PARTIES

4.    Plaintiff, ADRIAN ROWE, is an adult citizen and resident of Suffern, New York.

5.    ODFL is a foreign business corporation created and existing under the laws of the State of Virginia and maintains its principal place of business at 500 Old Dominion Way, Thomasville, North Carolina, 27360.

6.    ODFL is authorized and regularly transacts business in New York, maintaining offices and facilities in Brooklyn, Long Island, Middletown, Albany, Buffalo, and Syracuse.  ODFL also has offices and facilities in neighboring New Jersey and Connecticut and deploys employee drivers with routes throughout and within New York.

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than ODFL, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

8.    This Court has jurisdiction over ODFL because it is authorized to and transacts business in the State of New York, is subject to general jurisdiction in New York and because many of the wrongful acts alleged in this Complaint took place in New York, such that the exercise of jurisdiction by this Court is necessary and proper.

9. This court has supplemental jurisdiction over Plaintiff's New York state law claims under 28 U.S.C. §1367(a).

10. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and ODFL is subject to personal jurisdiction in this District.

## STATEMENT OF FACTS

11. Plaintiff, ADRIAN ROWE, was employed by ODFL from late 2016 through November 2019 as a "pick-up and delivery" truck driver.

12. At all relevant times, ODFL was the employer of Plaintiff and putative Class members within the meaning of NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations.

13. ODFL is one of the largest North American less-than-truckload ("LTL") motor carriers, providing regional, inter-regional and national LTL services through an expansive network of service centers located throughout the continental United States.

14. ODFL service centers are responsible for the pickup and delivery of freight within their local service area. Each night, ODFL service centers load outbound freight for transport to their other service centers for delivery. All inbound freight received by the service center in the evening or during the night is generally scheduled for local delivery the next business day unless a customer requests a different delivery schedule.

15. At all times relevant to this Complaint, Plaintiff was required and did work for ODFL for approximately 60 hours per week, without being paid appropriate NYLL mandated minimum wage, overtime and spread of hours compensation for the hours that he worked.

16. At all times relevant to this Complaint, ODFL never compensated Plaintiff and Putative Class members at a rate of 1.5 times the prevailing New York minimum wage, for all hours in a workweek in excess of 40 and up to 60. (*Hayward v. IBI Armored Servs.*, 19-1863-cv [2d Circ 2020]).

17. In *Hayward v. IBI Armored Servs.,* 19-1863-cv [2d Circ 2020] the Court of Appeals held that under NYLL, "employees subject to FLSA exemptions like the Motor Carrier Exemption are nonetheless entitled to overtime compensation at a rate of one-half times the minimum wage."

18. In 2019, ODFL failed to pay Plaintiff overtime compensation at 1.5 times the prevailing New York minimum wage of $11.80 per hour [Overtime rate = $17.70].

19. For example, in 2019, Plaintiff worked 60 hours in the workweek and was entitled to $17.70 x 20= $354.00 in overtime compensation which was never paid by ODFL to Plaintiff or putative Class members for any workweeks in excess of 40 hours, during the relevant statutory period.

20. ODFL also failed to pay Plaintiff and Putative Class members the required "spread of hours" pay for any day in which they were required to work over 10 hours a day.

21. Plaintiff was required and regularly worked at least 3 days for more than ten (10) hours in a single workday.

22. ODFL knowingly and willfully violated NYLL by failing to pay "spread of hours" premium to Plaintiff and other similarly situated and aggrieved employee drivers for each day they worked ten (10) or more hours, pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

23. ODFL intentionally failed to compensate Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate, for each day that the length of the interval between

the beginning and end of his workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

24. ODFL fabricated false time records which understated the true number of hours Plaintiff worked each week.

25. ODFL fabricated false time records which understated the true number of hours Putative Class members worked each week.

26. ODFL never compensated Plaintiff for all hours worked each week.

27. ODFL never compensated Putative Class members worked each week.

28. ODFL failed to pay Plaintiff and Putative Class members all wages due and owing at the time of termination of their employment as required by NYLL §191.

29. A terminated employee has a right to any wages that he or she had earned prior to being fired or resigning. In New York, under N.Y. Labor Law §191, ODFL was required to pay Plaintiff and Putative Class members all earned wages on the next scheduled payday after quitting or being fired.

30. As a result of its failure to compensate for all hours worked, including overtime and "spread of hours" premium wages, ODFL failed to pay Plaintiff and Putative Class members for all wages due and owing under the NYLL [NYLL§633].

31. At all relevant times, Plaintiff and Putative Class members had substantially similar job duties and have been uniformly subjected to ODFL's decisions, policies, plans, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to compensate them for all hours worked, including overtime and "spread of hours" premium wages.

32. ODFL's widespread violations of the NYLL state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ALLEGATIONS

33. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

34. Plaintiffs seek to represent the following Class and subclasses:

[a] All current and former employees of ODFL, who during the period May 5, 2015 to present date ["applicable limitations period"] performed any work as truck drivers throughout and within New York and were not paid overtime compensation at a rate of one-half times the prevailing New York minimum wage for hours 41-60 in a workweek.

[b] All current and former employees of ODFL, who during the applicable limitations period performed any work as truck drivers throughout and within New York and were not paid one hour's pay at the basic prevailing minimum hourly wage rate, for each day that the length of the interval between the beginning and end of his workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

[c] All current and former employees of ODFL, who during the applicable limitations period performed any work as truck drivers throughout and within New York and were not paid all earned wages on the next scheduled payday after quitting or being fired.

35. Plaintiff is a member of the Classes he seeks to represent.

36. Plaintiff seeks all damages pursuant to NYLL §650 et. seq., the applicable wage, and hours law under which class members worked. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

37. The Class is so numerous that joinder of all members is impractical. Upon information and belief, there are at least 500 members in the Class. While the exact number and identities of

class members are unknown at this time, such information is in the possession of ODFL and can be ascertained through appropriate discovery.

38. There are questions of law and fact common to the Class.

39. The named Plaintiff's claims are typical of those of the Class members. Plaintiff's claims encompass the challenged practices and course of conduct of ODFL. Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which NYLL state laws are violated by such conduct apply equally to Plaintiff and to the class.

40. The named Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff's claims are not antagonistic to those of the putative Class, and he has hired competent counsel skilled in the prosecution of class actions.

41. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. To conduct this action as a class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS – NYLL Overtime Violations)

43. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

44. ODFL violated the NYLL by failing to compensate Plaintiff for all hours worked each week.

45. ODFL violated the NYLL by failing to properly compensate Plaintiff for all overtime hours in a workweek in excess of forty (40).

46. ODFL never compensated Plaintiff at a rate of 1.5 times the prevailing New York minimum wage, for all hours in a workweek in excess of 40 and up to 60.

47. ODFL also failed to compensate Plaintiff additional compensation of one hour's pay at the prevailing New York basic minimum hourly wage, for each day that the length of the interval between the beginning and end of his workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

48. ODFL never paid Plaintiff all wages due and owing at the time of termination of his employment as required by NYLL §191.

49. ODFL's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

50. By reason of these unlawful acts, ODFL is liable to Plaintiff for damages for [a] all work performed; [b] all unpaid overtime compensation at a rate of 1.5 times the prevailing New York minimum wage, for all hours in a workweek in excess of 40 and up to 60; [c] all unpaid spread of hours premium wages; [d] all unpaid wages due and owing at the time of termination of his employment, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to NYLL.

### SECOND CLAIM FOR RELIEF
**(Individual Claim-New York Labor Law §663)**

51. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

52. As a result of ODFL's unlawful business practices, as above described, Plaintiff received wages from ODFL in an amount less than the wages that he actually earned.

53. Pursuant to NYLL §663, Plaintiff is entitled to recover the amount of any such underpayments, interest, and costs, including reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
### (CLASS CLAIMS –NYLL Overtime Violations)

54. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

55. ODFL violated the NYLL by failing to compensate Putative Class Members for all hours worked each week.

56. ODFL violated the NYLL by failing to properly compensate Putative Class Members for all overtime hours in a workweek in excess of forty (40).

57. ODFL never compensated Putative Class Members at a rate of 1.5 times the prevailing New York minimum wage, for all hours in a workweek in excess of 40 and up to 60.

58. ODFL also failed to compensate Putative Class Members additional compensation of one hour's pay at the prevailing New York basic minimum hourly wage, for each day that the length of the interval between the beginning and end of their workday, including working time plus time off for meals, plus intervals off duty, was greater than 10 hours.

59. ODFL never paid Putative Class Members all wages due and owing at the time of termination of their employment as required by NYLL§ 191.

60. ODFL's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of these unlawful acts, ODFL is liable to Putative Class Members for damages for [a] all work performed; [b] all unpaid overtime compensation at a rate of 1.5 times the prevailing New York minimum wage, for all hours in a workweek in excess of 40 and up to 60; [c] all unpaid spread of hours premium wages; [d] all unpaid wages due and owing at the time of

termination of his employment, together with such other amounts for prejudgment interest, attorney's fees, costs, and other damage compensation pursuant to NYLL.

## FOURTH CLAIM FOR RELIEF
### (CLASS CLAIMS -New York Labor Law §663)

62. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

63. As a result of ODFL's unlawful business practices, as above described, Putative Class Members received wages from ODFL in an amount less than the wages that they actually earned.

64. Pursuant to NYLL §663, Putative Class Members are entitled to recover the amount of any such underpayments, interest, and costs, including reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Individually and on behalf of all others similarly situated, prays for Judgment as follows:

(a) Certifying this case as a Rule 23 Class Action, with Plaintiff as Class representative and his attorneys, as Class counsel;

(b) Judgment for all unpaid minimum wages to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL;

(c) Judgment for all unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL;

(d) Judgment for all unpaid spread of hours compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL;

(e) Judgment for all unpaid wages due and owing at the time of termination, to which Plaintiffs and Class Members are lawfully entitled pursuant to the NYLL;

(f) Judgment for Plaintiff and Class Members for an award of all for damages pursuant to NYLL to which they may be lawfully entitled and provided for under New York Law;

(g) An order directing Defendants to pay Plaintiff and Class Members their reasonable attorney's fees and all costs connected with this action;

(h) An award of prejudgment and post-judgment interest; and

(i) Such other and further relief as this Court may deem just and proper.

Dated: May 5, 2021

BLAU LEONARD LAW GROUP, LLC

_____
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 105
Huntington, New York 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*