UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN ROWE, *individually and on behalf of all others similarly situated, et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　-v-<br><br>OLD DOMINION FREIGHT LINES, INC.,<br><br>　　　　　　　　　　Defendant. | No. 21-CV-4021 (KMK) |
| SAMUEL BOWENS, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>OLD DOMINION FREIGHT LINES, INC.,<br><br>　　　　　　　　　　Defendant. | No. 21-CV-8040 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

　　On June 16, 2022, this Court issued an Opinion & Order dismissing Plaintiffs' Amended Complaints without prejudice. (*See generally* Op. & Order ("MTD Op.") (Dkt. No. 36).) The Court instructed Plaintiffs that if they wished to each file a second amended complaint, they must do so within 30 days of the Opinion & Order, and that failure to properly and timely amend would likely result in dismissal of the claims against Defendants with prejudice. (*Id.* at 15–16.) To date, Plaintiffs have not filed a second amended complaint. (*See generally* Dkt.)

　　This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 41(b) of the provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for

failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of these Actions. Plaintiffs were granted 30 days to amend their Complaints. (*See* MTD Op. at 15–16.) In total, Plaintiffs have had 9 months to do so, and neither they nor their counsel have acted to amend their Complaints. (*See* Dkt.) Accordingly, Plaintiffs' cases are dismissed without prejudice for

failure to prosecute. *See, e.g., U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (affirming that plaintiff had engaged in unreasonable delay after failing to file an amended complaint for 17 months after deadline had passed); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming involuntary dismissal for failure to prosecute where plaintiff and counsel "did absolutely nothing at all" to move case forward for six months).

    The Clerk of Court is respectfully directed to close these cases.

SO ORDERED.

Dated: April 10, 2023
       White Plains, New York

---
      KENNETH M. KARAS
      United States District Judge